IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3080-M

REUBEN CURRY, )
 )
         Plaintiff, )
 )
v. ) ORDER
 )
DENISE JACKSON, DONNIE RAYNOR, )
RICHARD WIGGENS, CAPTAIN )
RAEMOND, UNKNOWN MEDICAL )
OFFICER, SGT. BROOKS, and TODD E. )
ISHEE, )
 )
         Defendant. )

    Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2023, the court directed plaintiff to particularize his claims and file and amended complaint. (Mar. 29, 2023, Ord. (D.E. 14)). On May 1, 2023, the action was dismissed for plaintiff's failure to prosecute and failure to respond to court order. (J. (D.E. 15)). On May 8, 2023, plaintiff filed a motion for reconsideration (D.E. 16). Plaintiff filed a motion for leave to file an amended complaint (D.E. 17) on May 10, 2023. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B), and plaintiff's motions for reconsideration (D.E. 16) and leave to file amended complaint (D.E. 17).

    The court first addresses plaintiff's motion for reconsideration, which the court construes as a motion for extension of time to file an amended complaint. For good cause shown, the court grants the motion, and the case will be reopened.

The court now considers plaintiff's motion for leave to amend. Plaintiff filed an amended complaint as directed by the court. Therefore, the court will grant the motion. See Fed. R. Civ. P. 15(a)(2).

Next, the court conducts its initial review of plaintiff's amended complaint. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988);

2

Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff alleges defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights. (Am. Compl. (D.E. 17) at 4). At all times relevant to the instant action, plaintiff was housed in Pasquotank Correctional Institution ("PCI") and Central Prison. (Id.). Plaintiff sues the following defendants in both their official and individual capacities: Denise Jackson ("Jackson"), former warden on Central Prison; Donnie Raynor ("Raynor"), disciplinary hearing officer; Richard Wiggens ("Wiggens"), director of programs; and Todd E. Ishee ("Ishee"), Commissioner of Prisons. (Id. at 2–3). Plaintiff sues defendant Captain Raemond ("Raemond") in his official capacity. (Id. at 3). Defendants Sergeant Brooks ("Brooks"), a unit sergeant at Central Prison, and unnamed Chief Medical Officer are sued in their individual capacities. (Id. at 3–4).

Plaintiff alleges the following. Defendants failed to properly address contaminated water, denied him due process during a disciplinary hearing, and were deliberately indifferent to plaintiff's prison conditions. (Id. at 4–17). On November 16, 2021, plaintiff was involved in a physical altercation with correctional officers at Pasquotank Correctional Institution where plaintiff was sprayed with pepper spray. (Id. at 4, 13). Plaintiff was charged with assault on staff before being transferred to Central Prison for treatment of injuries plaintiff received during the altercation. (Id. at 4–5). Plaintiff was placed in Restrictive Housing for Administrative Purposes ("RHAP") and forced to consume contaminated water. (Id. at 5).

3

On November 17, 2021, plaintiff had not yet received a decontamination shower for the pepper spray, and plaintiff asked defendant Brooks to be allowed to shower. (Id. at 13). Plaintiff also informed Brooks that he was scheduled for a head CT. (Id.). Brooks denied plaintiff's request for a shower and informed plaintiff he did not have an appointment for a head CT. (Id.). On November 18, 2021, plaintiff was experiencing dizziness, blacking out, and a severe headache. (Id.). Plaintiff later reported having a medical emergency to defendant Brooks, but Brooks did not honor plaintiff's request. (Id. at 13–16). Between the dates of November 18 and December 20, 2021, plaintiff went largely untreated by medical staff, and his sick call requests were ignored. (Id. at 16).

Plaintiff wrote letters to defendant Jackson regarding the contaminated water and the handling of his disciplinary hearing for his charge for assault on staff. (Id.). On December 27, 2021, plaintiff wrote a letter to defendant Ishee regarding the conditions of confinement at Central Prison. (Id. at 14).

On January 16, 2022, plaintiff submitted a letter to defendant Wiggens regarding "time frames" pertaining to plaintiff's disciplinary hearing. (Id. at 8). Wiggens did not respond. (Id.). Defendant Raynor acted as the disciplinary hearing officer for plaintiff's disciplinary hearing on February 7, 2022. (Id. at 6). As the disciplinary hearing officer, defendant Raynor failed to review all evidence, denied plaintiff the opportunity to present his arguments, and failed to allowed plaintiff the opportunity to give a verbal statement. (Id.). Plaintiff was found guilty of the offense of assault on staff. (Id. at 8). On February 20, 2022, plaintiff mailed his appeal of the decision to defendant Ishee's office for review. (Id. at 14). Plaintiff never received a response. (Id. at 14–15).

The guilty determination was reviewed by the Facility Classification Committee ("FCC") and District Classification Committee ("DCC") on February 16 and 23, 2022, respectively. (Id. at 8). Both committees were headed by defendant Wiggens. (Id.). Upon review, plaintiff was placed in Restrictive Housing for Control Purposes ("RHCP") for 180 days. (Id. at 9). On April 11, 2022, plaintiff filed a grievance, which complained of Wiggens' behavior, addressing his disciplinary hearing and the lack of response to plaintiff's appeal of the disciplinary hearing decision. (Id.). Defendant Wiggens responded to the grievance but failed to provide any relief. (Id. at 9–10). On July 13, 2022, plaintiff again appeared before the FCC, headed by Wiggens. (Id. at 10). Plaintiff's case manager had recommended an additional 90 days in RHCP. (Id.). However, the FCC and Wiggens disagreed and recommended an additional 180 days. (Id. at 10-11).

On July 20, 2022, plaintiff was scheduled to appear before the DCC. (Id. at 11). Plaintiff had informed defendant Wiggens that morning that he wanted to attend the hearing, but Wiggens indicated that plaintiff refused to attend. (Id.). Plaintiff was excluded from the hearing. (Id.). The DCC approved the continuation of plaintiff's housing in RHCP for 180 days. (Id. at 12). Plaintiff served a total of 409 days in restrictive housing. (Id.).

The court begins with plaintiff's claims against defendant Raemond. Plaintiff seeks to dismiss the claims against Raemond. (Id. at 14). Thus, these claims are dismissed.

The court next considers plaintiff's official capacity claims. Such claims are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to state officers or agents acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Furthermore, state officials acting in

5

their official capacity are not amendable to suit under § 1983. Will, 491 U.S. at 71. Therefore, plaintiff's official capacity claims are dismissed.

Regarding the claims against defendants Jackson, Ishee, and unnamed Chief Medical Officer, these claims appear to rely on the doctrine of respondeat superior. The doctrine of respondeat superior generally does not apply to a § 1983 action. See Iqbal, 556 U.S. at 677; Monell, 436 U.S. at 694. Instead, to establish § 1983 supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices . . ."; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

Here, plaintiff does not plausibly allege that defendants Jackson, Ishee, and unnamed Chief Medical Officer had actual or constructive knowledge of any such "pervasive" conduct or that there was an "affirmative causal link" between their inactions and any alleged constitutional injury. See id. Accordingly, plaintiff fails to state a claim against defendants Jackson, Ishee, and unnamed Chief Medical Officer.

Lastly, plaintiff's due process claims against defendants Raynor and Wiggens, and deliberate indifference claims against defendant Brooks survive initial review. See Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974) (providing procedural safeguards before an inmate may

6

be punished for violating prison rules); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (providing standard for deliberate indifference to unconstitutional prison conditions).

## CONCLUSION

For the reasons discussed above, plaintiff's motions for reconsideration (D.E. 16) and leave to file amended complaint (D.E. 17) are GRANTED. The clerk is DIRECTED to reopen this case as an active matter. Plaintiff's claims against defendants Jackson, Raemond, unknown medical officer, and Ishee, as well as official capacity claims, are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's due process claims against defendants Raynor and Wiggens, and deliberate indifference claims against defendant Brooks are ALLOWED to proceed. The clerk is DIRECTED to continue management of the action pursuant to Standing Order 14-SO-02. If service under this standing order fails, the court further DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 3d day of August, 2023.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

7